|                                      |   |                                      |
|--------------------------------------|---|--------------------------------------|
| UNITED STATES DISTRICT COURT         |   | EASTERN DISTRICT OF TEXAS            |

LENNOARD RAY HARE, #43938-177 §
§
*versus* § CIVIL ACTION NO. 4:16-CV-277
§ CRIMINAL ACTION NO. 4:12CR00097-001
UNITED STATES OF AMERICA §

**MEMORANDUM AND ORDER**

Pending before the Court are Movant Lennoard Ray Hare's Motion for Relief Pursuant to Rule 60(b) (#9) and Objections to the Magistrate Judge's Report and Recommendation (#11). Hare argues that his Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (#1) pursuant to 28 U.S.C. § 2255 should be granted because his trial attorney was ineffective in failing to move to suppress the evidence that resulted from a canine alert and subsequent search of the car which he occupied as a passenger. The § 2255 motion was referred to Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation (#6) finding that the motion should be denied. No objections were filed, and the Court issued an Order of Dismissal (#7) adopting the Report and Recommendation. In his Rule 60(b) motion, counsel asserts that he never received the Report and Recommendation despite electronic notification. Giving Hare every benefit of a doubt, the Court permitted him to file objections.

The procedural history of the case reveals that Hare is in custody pursuant to a conviction for the offense of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846. On March 14, 2013, a jury found Hare and co-defendant Melvin Eugene Coleman, Jr., guilty of the offense. On April 9, 2014, Hare was sentenced to Life imprisonment. The conviction was affirmed. *United States v. Coleman*, 610 F. App'x 347, 349 (5th Cir. 2015).

The United States Court of Appeals for the Fifth Circuit discussed the facts leading up to the stop of Hare's vehicle as follows:

> Trial evidence showed that in 2010, Nika Keith became the target of a drug investigation by the Texas Department of Public Safety, which eventually led officers to an associate of Keith's, Defendant–Appellant Hare. Keith pleaded guilty and began to cooperate with DPS, including making recorded phone calls to Hare during which they discussed drug trafficking. DPS officers began conducting surveillance on Hare. A January or February 2011 search of a warehouse that Hare frequented resulted in the seizure of large scales, plastic wrap, remainders of large amounts of marijuana, and a hat that bore the name "Grizzly Corporation," a company that belonged to Hare. Officers also observed Hare frequenting co-defendant Natasha Williams's house in the Cedar Valley area of Dallas. An April 2011 search of that house resulted in the seizure of seven pounds of marijuana, eight empty kilogram wrappers, wrapping material for drugs and money, 13.58 grams of crack cocaine, and $20,700 in cash.
>
> In May 2011, pursuant to a court order, Hare's phone was tracked via GPS to Kentucky and back to Dallas. On May 13, 2011, the phone was again tracked traveling between Dallas and Kentucky. DPS agents set up surveillance on Hare's route back to Dallas. Two vehicles were observed. One was a black Lexus belonging to co-defendant Kimberly Brown, which Brown was driving with Hare as a passenger. The other was a 2011 white Ford Explorer driven by Defendant–Appellant Coleman. Agents observed the two vehicles traveling together, including getting on and off of the highway together, and receipts indicated they purchased gas together. Both vehicles were stopped by local law enforcement officers in Texas for traffic violations. During the stops, officers found approximately $111,000 in Brown's car and $186,000 in Coleman's Explorer.

*Coleman*, 610 F. App'x at 350-51.

Hare acknowledges that the officer had probable cause to make the initial stop due to the fact that the vehicle lacked a front license plate. The police officer detained the driver and Hare for approximately 45 minutes while waiting for another officer to arrive on the scene with a canine in order to determine if the dog would alert on the vehicle. Hare argues that the length of the detention was unreasonable. He argues that his attorney was ineffective for failing to file a motion to suppress.

2

Ineffective assistance of counsel claims are governed by the United States Supreme Court's standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* provides a two-pronged standard, and the petitioner bears the burden of proving both prongs. *Id.* at 687. Under the first prong, he must show that counsel's performance was deficient. *Id.* To establish deficient performance, he must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. Under the second prong, the petitioner must show that his attorney's deficient performance resulted in actual prejudice. *Id.* at 687. To satisfy the prejudice prong, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. An ineffective assistance of counsel claim fails if a petitioner cannot satisfy either the deficient performance or prejudice prong; a court need not evaluate both if he makes an insufficient showing as to either. *Id.* at 697.

Prior to the search in this case, the Supreme Court held that a dog sniff conducted during a lawful stop does not violate the Fourth Amendment's proscription of unreasonable searches. *Illinois v. Caballes*, 543 U.S. 405, 410 (2005). The Court found that a "dog sniff conducted during a concededly lawful traffic stop that reveals no information other than the location of a substance that no individual has any right to possess does not violate the Fourth Amendment." *Id.* at 410. The Supreme Court subsequently observed that because "we held that a dog sniff was not

a search subject to the Fourth Amendment, we rejected the notion that 'the shift in purpose' 'from a lawful traffic stop into a drug investigation' was unlawful because it 'was not supported by any reasonable suspicion.'" *Muehler v. Mena*, 544 U.S. 93, 101 (2005) (quoting *Caballes*, 543 U.S. at 408).

In his objections, Hare stresses that a prolonged detention of a vehicle to conduct a canine sniff violates the Fourth Amendment in the absence of reasonable suspicion. *United States v. Pack*, 612 F.3d 341, 353-57 (5th Cir. 2010), *opinion modified on denial of rehearing*, 622 F.3d 383 (5th Cir. 2010). He argues that the prolonged detention of the vehicle in which he was riding violated the Fourth Amendment, and his attorney should have filed a motion to suppress.

The issue of whether a motion to suppress should have been granted was fully discussed by the Fifth Circuit, albeit with respect to co-defendant Coleman. The Fifth Circuit held that "[w]hile the 30-minute stop was arguably somewhat longer than a typical traffic stop, the length was extended primarily because reasonable suspicion had arisen regarding a different offense - Rosamond was waiting for confirmation on the unrelated warrant - and because Coleman consented to a search, not because of any extended questioning." *Coleman*, 610 F. App'x at 353. The finding was made that there was no error in denying the motion to suppress. *Id.*

The Fifth Circuit's analysis is equally applicable to a claim that Hare was entitled to have a motion to suppress granted. Reasonable suspicion had arisen based on a variety of factors. If Hare had filed a motion to suppress, it would have likewise been denied. Counsel was not required to make frivolous or futile motions or objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Hare has not shown that his attorney's representation was deficient. In addition to the foregoing, the Government persuasively

argues that even if the evidence from the stop had been suppressed, the verdict would have been the same. The testimony of Keith, Williams, Brown, and Hall showed that Hare was extensively involved in a conspiracy to possess with intent to distribute and to distribute cocaine and marijuana. The evidence that corroborated their testimony -- such as phone records, hotel records, and items found during the searches in the investigation -- further supported the jury's verdict. The *Strickland* prejudice prong is not satisfied by the facts of this case. Hare has not satisfied his burden of showing ineffective assistance of counsel. The present § 2255 motion lacks merit.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Hare to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections of Hare are without merit. Consequently, the § 2255 motion was properly denied, and Hare is not entitled to relief from the judgment.

It is accordingly **ORDERED** that Movant Lennoard Ray Hare's Motion for Relief Pursuant to Rule 60(b) (#9) is **DENIED**. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

SIGNED at Beaumont, Texas, this 15th day of April, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE